UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KHUM SON**

**VERSUS**

**U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL.**

**CIVIL ACTION**

**No. 26-564-JWD-SDJ**

---

**ORDER**

Before the Court is the Government's "Expedited Motion for Partial Relief from the Amended Standing Order" (Doc. 18). In the Motion, the Government asserts that it has obtained travel documents allowing Petitioner's removal to Vietnam, and that such removal "could occur within two weeks". (Doc. 18 at 1). Accordingly, Respondents request that the Court consider the motion on an expedited basis and lift its restriction on transfer and removal so that the Government may effectuate Petitioner's removal.

The Government filed this Motion on October 16, 2026, and alleges that it "contacted Petitioner's counsel by e-mail regarding this request" on October 14, 2026, but that Petitioner's counsel had not yet, as of filing, had an opportunity to discuss the Motion with Petitioner himself. (Doc. 18 at 2). Having given Petitioner's counsel less than two days to discuss with Petitioner and report back, "the Government presumes the motion is opposed." *Id.* Because the Motion is presumed opposed, the Court finds it necessary and proper that Petitioner should have adequate opportunity to respond to the Government's Motion. Moreover, the Court finds that expedited consideration is unwarranted in this case.

"[M]otions to expedite should be used sparingly, rather than as a matter of course." *In re Villareal*, 160 B.R. 786, 788 (W.D. Tex. 1993). And they "are not intended to save the day for

parties who have failed to present requests when they should have." *Vasquez Perdomo v. Noem*, 790 F. Supp. 3d 850, 873 (C.D. Cal. 2025). For that reason, the movant "must demonstrate that it is not at fault in creating the situation that it asserts necessitates resolution of its motion on an expedited schedule." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015). "It is the creation of the crisis—the necessity for bypassing regular motion procedures—that requires explanation." *Musa Ngu v. Jordan*, No. 26-cv-448-SDD-RLB, 2026 WL 1726607, at *1 (M.D. La. June 15, 2026) (denying expedited consideration of a similar motion that would have required resolution "in a single business day and without the input of [petitioner's counsel" where government failed to explain why it could not act sooner or what harm would result if the motion proceeded in the normal course).

Here, the Government asserts that Petitioner "could be removed within two weeks", a mere hypothetical with no contemplated date of removal. While ICE Headquarters Removal and International Operations made the local ICE office aware of the travel document on October 13, 2026 (Doc. 18-2 ¶ 11), the Vietnamese passport attached to the Motion reveals that the travel document was issued on July 10, 2026. (Doc. 18-3). And the passport does not expire until July 4, 2027. *Id.* Accordingly, the Government has not shown that expedited consideration is necessary, and the Court sees no reason not to follow its standard schedule.

Accordingly,

**IT IS ORDERED** that inasmuch as the Motion (Doc. 18) requests expedited consideration, that request is **DENIED**. Petitioner's response to the Motion for Partial Relief (Doc. 18) is due 21 days after the Motion's filing, per Local Rule 7(f).

Signed in Baton Rouge, Louisiana, on October 23, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**